IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACY ELLIS | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| HARTFORD COMPREHENSIVE | : | |
| EMPLOYEE BENEFITS SERVICE | : | |
| CO., and DELAWARE MANAGEMENT | : | |
| HOLDING, INC., STD EMPLOYEE | : | |
| BENEFIT PLAN | : | NO. 02-3623 |

### DEFENDANT, HARTFORD COMPREHENSIVE EMPLOYEE BENEFITS SERVICES CO., MOTION TO DISMISS PLAINTIFF'S COMPLAINT

For the reasons expressed in the attached Memorandum of Law, Defendant, Hartford Comprehensive Employee Benefits Services, Co., by an through their attorneys, Sweeney & Sheehan, P.C., respectfully request this Honorable Court to dismiss Count Two of Plaintiff's Complaint with prejudice and strike Plaintiff's demand for a jury trial by entering an order in the form attached hereto.

Respectfully Submitted,

**SWEENEY & SHEEHAN**

BY:_____
Barbara A. O'Connell, Esquire
Attorney for Defendant, Hartford
Comprehensive Employee Benefits
Services Co.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACY ELLIS | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| HARTFORD COMPREHENSIVE | : | |
| EMPLOYEE BENEFITS SERVICE | : | |
| CO., and DELAWARE MANAGEMENT | : | |
| HOLDING, INC., STD EMPLOYEE | : | |
| BENEFIT PLAN | : | NO.  02-3623 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT, HARTFORD COMPREHENSIVE
EMPLOYEE BENEFITS SERVICES CO., MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

**I.      STATEMENT OF THE FACTS**

Plaintiff commenced the present action by filing a Complaint with the United States District Court for the Eastern District of Pennsylvania against Defendants, Hartford Comprehensive Employee Benefits Service Co., and Delaware Management Holding, Inc., STD Employee Benefit Plan. ( Plaintiff's Complaint is attached hereto as Exhibit "A").  Plaintiff seeks to recover for the allegedly inappropriate denial of Plaintiff's claim for short term disability benefits available under a plan funded by Defendant employer and administered by Defendant, Hartford Comprehensive Employee Benefits Services Co. (Exhibit "A", ¶¶ 6 through 12).

In her Complaint, Plaintiff states two counts, the first seeking recovery under the Employee Retirement Income Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1001, *et seq*. (Exhibit "A", ¶¶ 13 through 16). Plaintiff pleaded the following in support of her ERISA claim:

## COUNT I

13. Plaintiff hereby incorporates by reference paragraphs one (1) through 12 as though same were fully set forth at length herein.
14. Plaintiff brings this count pursuant to ERISA section 1132(a)(1) and (2) to obtain appropriate relief to redress Defendants' violation of the Act, and to enforce the other provisions of the Act based upon Defendants' violation of the Section 1140 of the Act or any other section of the Act.
15. The conduct and actions of defendant were engaged in for the purpose of interfering with Plaintiff's attainment of her right to monies under the terms of the plan.
16. Plaintiff is entitled to an Order enforcing her right to monies due under the terms of the Plan as a result of the unlawful conduct and acts of Defendants.

(Exhibit "A", Count I).

At the second count of her Complaint, Plaintiff pleads a Pennsylvania common law bad faith claim. (Exhibit "A", ¶¶ 17 through 19). Plaintiff specifically pleads:

## COUNT II
## PENNSYLVANIA COMMON LAW- BAD FAITH

17. Plaintiff re-avers paragraphs 1-16 herein and incorporates the same fully as though set forth at length.
18. Defendant acted in bad faith towards plaintiff by recklessly, intentionally and/or with wanton disregard:
    (a) Failing to respond in a reasonable period of time to or ignoring plaintiff's requests for coverage under the STD Plan;
    (b) First accepting coverage for these claims and later unreasonably and without any substantiating fact, denying said coverage;
    (c) Failing to provide any reasonable fact and expert opinion to substantiate its basis of coverage denials;
    (d) Failing to make payments on Plaintiff's claims even though defendant knew or

|   |   |   |
|---|---|---|
|   |   | had reason to know that the so-called denial was unsubstantiated; |
|   | (e) | The reasons specified in Count I which are incorporated by reference herein as though fully set forth at length; and |
|   | (f) | such other acts or omissions as plaintiff may hereinafter specify. |
| 19. | | Defendants' conduct and actions in denying Plaintiff's claim under the insurance policy were in bad faith and for no legitimate reason. |

(Exhibit "A", ¶¶ 17 through 19).

## II.  STATEMENT OF THE LAW

### A.  Standard for Granting a Motion to Dismiss

When reviewing a Motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all factual allegations contained within Plaintiff's Complaint as well as reasonable inferences that may be drawn therefrom, viewing these facts in the light most favorable to the non-moving party. H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50 (1989); Rocks v. City of Philadelphia, 865 F.2d 644, 645 (3rd Cir. 1989); Zlotnick v. TIE Communications, 836 F.2d 818, 819 (3rd Cir. 1998). The Court is required to grant a Motion to Dismiss if the non-moving party cannot legally prevail on the claims plead under the set of facts alleged. Markowitz v. Northeast Land Co., 906 F. 2d 100, 103 (3d. Cir. 1990); Frankel v. Warwick Hotel, 881 F. Supp. 183 (E.D.Pa. 1995).

### B.  PLAINTIFF'S CLAIM FOR BAD FAITH IS PREEMPTED BY ERISA

#### 1.  Plaintiff's Claim Alleging Common Law Bad Faith Is Pre-empted

At Count I of her Complaint, Plaintiff avers a claim against Defendants for recovery under ERISA. (Exhibit "A", ¶¶ 13 through 16). At Count II of her Complaint, Plaintiff states a claim for recovery under Pennsylvania common law of bad faith. Plaintiff's Complaint specifically seeks recovery under "Pennsylvania Common Law- Bad Faith." (Exhibit "A", Count II). Count II of Plaintiff's Complaint must

be dismissed as a matter of law as it fails to state a claim upon which relief can be granted. Count II seeking recovery under the Pennsylvania state common law is preempted by the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1001, *et seq.*

The United States Supreme Court has conclusively determined that a plaintiff seeking to recover for common law bad faith alleging that Defendants improperly processed a claim for benefits is prohibited from maintaining such a claim under the pre-emption provisions of ERISA. Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41, 107 S. Ct. 1549 (1987). The Court undertook a two part analysis; examining first whether the law "related to" insurance and second whether the law was saved from pre-emption as a law that specifically "regulates insurance." *Id*. The Supreme Court determined that a Plaintiff's common law bad faith cause of action "related to" an employee benefit plan sufficiently to warrant preemption under ERISA. *Id*. The Court further determined that the Mississippi common law of bad faith did not specifically "regulate insurance" and was thus pre-empted under ERISA. *Id*. Regarding this second requirement, the Supreme Court stated:

> Certainly a common-sense understanding of the phrase "regulates insurance" does not support the argument that the Mississippi [common] law of bad faith falls under the saving clause. A common-sense view of the word "regulates" would lead to the conclusion that in order to regulate insurance, a law must not just have an impact on the insurance industry, but must be specifically directed toward that industry.

*Id*. The Supreme Court further opined:

> Any breach of contract, not merely breach of an insurance contract, may lead to liability for punitive damages under Mississippi law. . . the Mississippi common law of bad faith does not effect a spreading of policyholder risk. The state common law of bad faith may be said to concern "the policy relationship between the insurer and the insured." The connection to the insurer-insured relationship is attenuated at best, however. . . the common law of bad faith does not define the terms of

> the relationship between the insurer and the insured; it declares only that, whatever terms have been agreed upon in the insurance contract, a breach of that contract may in certain circumstances allow the policyholder to obtain punitive damages. The state common law of bad faith is therefore no more "integral" to the insurer-insured relationship than any State's general contract law is to a contract made in that State. . . .Mississippi's law of bad faith, even if associated with the insurance industry, has developed from general principles of tort and contract law available in any Mississippi breach of contract case.

*Id*. at 50 through 51.

As with the Mississippi common law bad faith claim, under Pennsylvania law a common law bad faith claim may be instituted under any contract claim. Pennsylvania law does not limit the application of common law bad faith claims to those claims arising out of the insurance relationship. The Birth Center v. St. Paul Companies, Inc., 567 Pa. 386, 787 A.2d 376 (2001)(Nigro, J., concurring); See also Perkoski v. Wilson, 371 Pa. 553, 92 A.2d 189 (Pa. 1952), Cowden v. Aetna Casualty & Surety Co., 389 Pa. 459, 134 A.2d 223 (Pa. 1957), Gray v. Nationwide Mutual Life Ins. Co., 422 Pa. 500, 223 A.2d 8.(1966). The Supreme Court's decision in Pilot Life determinatively provides that the Pennsylvania state common law bad faith claim, is "no more "integral" to the insurer-insured relationship than any State's general contract law is to a contract made in that State." *Id*. Pennsylvania's law of bad faith, even if associated with the insurance industry, has developed from general principles of contract law available in any Pennsylvania breach of contract case. *Id*. Therefore, as in Pilot Life, any claim under Pennsylvania common law bad faith is pre-empted by ERISA.

Additionally, the Courts of this District have specifically applied the Supreme Court's reasoning in Pilot Life to a Pennsylvania state common law bad faith claim. Denk v. The Boeing Company, 885 F. Supp. 690, 694, 1995 U.S. Dist. LEXIS 4001, *11 (E.D. Pa. 1995). See also

Asprino v. Blue Cross and Blue Shield Assoc., 1997 U.S. Dist. LEXIS 6708, *5 through *6 (E.D.Pa. 1997); Tucker v. Ogden Corp., 1997 U.S. Dist. LEXIS 8356, * 8 (E.D.Pa. 1997). Specifically, where a plaintiff alleges state law claims that "relate to the improper denial of benefits under and ERISA plan, [the state law] claims are completely pre-empted by federal law." Denk v. The Boeing Company, 885 F. Supp. 690, 694, 1995 U.S. Dist. LEXIS 4001, *11 (E.D. Pa. 1995).

        2.    Any Claim for Statutory Bad Faith Is Pre-empted Under ERISA

Should this Honorable Court determine that Plaintiff's Complaint should be read as pleading a cause of action under Pennsylvania Bad Faith statute, Defendant, Hartford Comprehensive Employee Benefits Service Co., hereby joins in and adopts the Motion to Dismiss of co-Defendant, Delaware Management Holding, Inc., STD Employee Benefit Plan.

    **C.**    **Plaintiff Is Not Entitled To A Jury Trial**

Defendant, Hartford Comprehensive Employee Benefits Service Co., hereby joins in and adopts the Motion to Strike Plaintiff's Demand for a Jury Trial filed by co-Defendant, Delaware Management Holding, Inc., STD Employee Benefit Plan.

**III.**    **CONCLUSION**

Plaintiff presently seeks to recover under both ERISA and Pennsylvania state common law bad faith for the alleged inappropriate denial of her STD benefits. Such a claim is clearly pre-empted under the provisions of ERISA as interpreted by both the Supreme Court and the Courts of this District. To the extent Count II states a claim for statutory bad faith, it is also preempted for the reasons outlines in the Motion to Dismiss filed on behalf of the Co-Defendant, Delaware Management Holding, Inc., STD Employee Benefit Plan. Further, Plaintiff is not entitled to a jury trial in this action.

Accordingly, Defendant, Hartford Comprehensive employee Benefits Services Co., respectfully requests this Honorable Court to dismiss the Second Count of Plaintiff's Complaint by entering an Order in the form attached hereto.

Respectfully Submitted,

**SWEENEY & SHEEHAN**

BY:_____
   Barbara A. O'Connell, Esquire
   Attorney for Defendant, Hartford
   Comprehensive Employee Benefits
   Services Co.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACY ELLIS | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| HARTFORD COMPREHENSIVE | : | |
| EMPLOYEE BENEFITS SERVICE | : | |
| CO., and DELAWARE MANAGEMENT | : | |
| HOLDING, INC., STD EMPLOYEE | : | |
| BENEFIT PLAN | : | NO. 02-3623 |

### **ORDER**

AND NOW, this          day of             , 2002, upon review of the Motion to Dismiss of Defendant, Hartford Comprehensive Employee Benefits Service, Co., and any responses thereto,

IT IS hereby ORDERED and DECREED that COUNT II of Plaintiff's Complaint is dismissed with prejudice and Plaintiff's demand for a jury trial is stricken.

_____ J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACY ELLIS | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| HARTFORD COMPREHENSIVE | : | |
| EMPLOYEE BENEFITS SERVICE | : | |
| CO., and DELAWARE MANAGEMENT | : | |
| HOLDING, INC., STD EMPLOYEE | : | |
| BENEFIT PLAN | : | NO. 02-3623 |

## CERTIFICATION OF SERVICE

I hereby certify that the following counsel of record were served with a true and correct copy of **Defendant, Hartford Comprehensive Employee Benefits Services, Co., Motion to Dismiss Plaintiff's Complaint** in the above-captioned matter by U.S. Postal Service, First Class Mail on August 14, 2002.

**SWEENEY & SHEEHAN**

By:_____
Barbara A. O'Connell, Esquire
Attorney for Defendant, Hartford
Comprehensive Employee Benefits
Services Co.