IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACY ELLIS | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| HARTFORD COMPREHENSIVE | : | |
| EMPLOYEE BENEFITS SERVICE CO. | : | |
| DELAWARE MANAGEMENT | : | |
| HOLDING, INC., STD EMPLOYEE | : | |
| BENEFIT PLAN | : | NO.  02-cv-3623 |

**REPLY MEMORANDUM OF DEFENDANT, HARTFORD
COMPREHENSIVE EMPLOYEE BENEFITS SERVICE CO.,
TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS**

I.  **INTRODUCTION**

Without reiterating the issues at length, Defendant is seeking dismissal of Count II of Plaintiff's Complaint which alleges a cause of action for Statutory Bad Faith pursuant to 42 Pa. C.S.A. §8371 against Defendant, Hartford Comprehensive Employee Benefits Service Co. ("CEBSCO").  There are two reasons why Plaintiff's claim in Count II against Defendant, CEBSCO must fail.  First, Defendant, CEBSCO is not an insurer of the short term disability employee benefit plan of Codefendant, Delaware Management Holding Inc.  Second, a majority of Judges in this Honorable Court have held that ERISA has preempted the Statutory Bad Faith claim.

II.  **DEFENDANT, CEBSCO IS NOT AN INSURER OF THE SHORT TERM
DISABILITY EMPLOYEE BENEFIT PLAN OF CO-DEFENDANT,
DELAWARE MANAGEMENT HOLDING INCORPORATED**

Nowhere on the face of Plaintiff's Complaint, attached as Exhibit "A" to Defendant, CEBSCO's Motion to Dismiss, does Plaintiff identify CEBSCO as an insurer as defined by the Pennsylvania Bad

Faith Statute. In fact, at all times in Plaintiff's Complaint, CEBSCO is identified as the entity which <u>administered</u> the short term disability plan. <u>See</u> Exhibit "A", Plaintiff's Complaint at ¶7. This is true. CEBSCO is the third party administrator that handled claims on behalf of the Plan which was completely funded by the employer Delaware Management Holding, Inc.

Contrary to the position taken in Plaintiff's Opposition to the instant motion, the Defendant in this action is not The Hartford Life Insurance Company. Hartford Comprehensive Employee Benefits Service Co., is a separate business entity and does not qualify as a party against whom liability could be found pursuant to 42 Pa. C.S.A. §8371 which specifically holds that "in an action arising under <u>an insurance policy</u>, if the court finds the <u>insurer</u> has acted in bad faith towards the insured, the court may take all of the following actions. . ."

Therefore, as CEBSCO is not an insurer and there is absolutely no evidence that there was any insurance policy giving rise to Plaintiff's claims, the claim of bad faith in Count II must be dismissed.

### III.    COUNT II IS PREEMPTED UNDER THE TERMS OF THE EMPLOYMENT RETIREMENT INCOME SECURITY ACT (ERISA)

The overwhelming precedent in this United States District Court for the Eastern District of Pennsylvania, even after the decision of the United States Supreme Court in <u>Rush Prudential HMO Inc., v. Moran</u>, ____ U.S. ____, 122 S.Ct. 1251 (2002), preempts claims for Statutory Bad Faith under ERISA.

In the recent decisions in the Eastern District of Pennsylvania, Judge Clarence Newcomer now stands alone in holding that the Pennsylvania Bad Faith Statute is not preempted under the terms of the Employment Retirement Income Security Act (ERISA). <u>Rosenbaum v. Unum Life Insurance Co.</u>, 202 W.L. 176 9899 (E.D. Pa. July 29, 2002). Since Judge Newcomer's decision, Judge Ronald L.

Buckwalter has decided <u>Sprecher v. Aetna U.S. Healthcare</u>, (Exhibit "A"), Judge Harvey Bartle has decided <u>Kirkhuff v. Lincoln Technical Institute</u>, (Exhibit "B"), and Judge Michael Baylson has decided <u>Bell v. UnumProvident Corp</u>., (Exhibit "C"). All three Judges held that <u>Pilot Life Ins. Co., v. Dedeaux</u>, 481 U.S. 41 (1987), and ERISA mandate preemption of Pennsylvania bad faith claims.

In <u>Sprecher v. Aetna U.S. Healthcare</u>, 2002 WL 1917711 (E.D. Pa. 8/19/02), attached hereto as Exhibit "A", Judge Ronald Buckwalter declined to follow Judge Newcomer's reasoning in <u>Rosenbaum</u>. Judge Buckwalter expressly found that although the Pennsylvania Bad Faith Statute does regulate insurance from a common-sense view of the matter, it does not satisfy two of the <u>McCarron-Ferguson</u> factors to show that it regulates insurance and thus is safe from preemption under ERISA's savings clause. Judge Buckwalter found that under these factors, the Pennsylvania Bad Faith Statute does not serve to spread the policyholder's risk. The statute also does not serve as an integral part of the policy relationship between the insurer and the insured. Therefore, the Pennsylvania Bad Faith Statute failed two of the three <u>McCarron-Ferguson</u> factors.

The Pennsylvania Bad Faith statute also qualified for categorical preemption as it provides an alternative remedy which is categorically preempted by ERISA as the statute provides for punitive damages and interest penalties which are not provided for under ERISA.

In <u>Kirkhuff v. Lincoln Technical Institute</u>, 2002 U.S. Dist. LEXIS 17196 (E.D. Pa. 9/6/2002), attached hereto as Exhibit "B", Judge Harvey Bartle compares the <u>Rosenbaum</u> and <u>Sprecher</u> decisions and for almost identical reasons as Judge Buckwalter finds that the Bad Faith Statute is preempted by ERISA.

Most recently, Judge Michael Baylson decided <u>Bell v. UnumProvident Corporation</u>, Civil Action NO: 02-2418, September 19, 2002 (E.D. Pa.), attached hereto as Exhibit "C", Judge Baylson essentially adopts the reasons given by Judge Buckwalter in <u>Sprecher</u> and expressly holds that the decision by the

United States Supreme Court in Rush Prudential HMO Inc. v. Moran, did nothing to change the rule adopted by the Supreme Court in the Pilot Life v. Dedeaux decision. Therefore, Judge Baylson agrees that §8371 does not "regulate insurance within the meaning of the ERISA savings clause" and is further preempted because the Pennsylvania Bad Faith Statute specifically authorizes punitive damages and interest which are separate remedies not authorized by Congress under ERISA.

If the court interprets Count II of Plaintiff's Complaint as common law bad faith, it is clear that common law bad faith cannot meet the rigid standards as upheld by the Judges of this Honorable Court in its recent decisions and is expressly preempted by the decision in Pilot Life v. Dedeaux, 481 U.S. 41 (1987), which preempted Mississippi's common law bad faith action.  See Defendant's original Memorandum of Law in Support of the Motion to Dismiss.

### IV.   CONCLUSION

For these reasons, it is respectfully requested that this Honorable Court grant the Motion of Defendant, Hartford Comprehensive Employee Benefits Service Co., to Dismiss Count II of Plaintiff's Complaint with prejudice and to strike Plaintiff's demand for a jury trial.

**SWEENEY & SHEEHAN**

By:_____
Barbara A. O'Connell
Identification No. 46461
1515 Market Street, 19th Floor
Philadelphia, PA 19102
(215) 563-9811