IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
TRACY ELLIS                           :
                                      :
        v.                            :
                                      :
HARTFORD COMPREHENSIVE EMPLOYEE       :
BENEFITS SERV. CO. and                :      NO. 02-CV-3623
DELAWARE MGMT. HOLDING INC. STD       :
EMPLOYEE BENEFIT PLAN                 :
```

ORDER

AND NOW, this _____ day of October, 2002, upon consideration of Defendant Delaware Management Holding Incorporated STD Employee Benefit Plan's Motion to Strike Plaintiff's Demand for a Trial by Jury (Docket #4) and Plaintiff's Opposition thereto, as well as Defendant Hartford Comprehensive Employee Benefits Services' Motion to Strike Plaintiff's Demand for a Trial by Jury, included in its Motion to Dismiss the Plaintiff's Complaint (Docket #6), and Plaintiff's response to Hartford's motion in its Opposition to Defendant Hartford's Motion to Dismiss, it is hereby Ordered that said motions are Granted and the plaintiff's jury demand is stricken.

Because this court has dismissed the bad faith claim, only the claims brought under ERISA § 502(a), 29 U.S.C. § 1132(a), remain against the defendants. Since a claim under ERISA § 502(a) is equitable in nature, the plaintiff is not entitled to a jury trial. <u>Pane v. RCA Corp.</u>, 868 F.2d 631, 637 (3d Cir. 1989); <u>see also</u> <u>Rallis v. Trans World Music Corp.</u>, 93-CV-6100, 1994 U.S. Dist. LEXIS 3514 at *13 (E.D. Pa. 1994) (following <u>Pane</u> to strike a jury demand for a claim brought under ERISA § 502(a)(1)(B)).

The plaintiff agrees with this principle. <u>Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Strike Demand for Jury Trial</u> at 1 ("[B]ecause ERISA provides only equitable remedies, jury trial is not permitted. ...[] Plaintiff does not disagree with [defendant's] proposition with regards to the adjudication of ERISA.")

BY THE COURT:

_____
MARY A. MCLAUGHLIN, J.