IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
TRACY ELLIS                           :
                                      :
       v.                             :
                                      :
HARTFORD COMPREHENSIVE EMPLOYEE       :
BENEFITS SERV. CO. and                :    NO. 02-CV-3623
DELAWARE MGMT. HOLDING INC. STD       :
EMPLOYEE BENEFIT PLAN                 :
```

ORDER

AND NOW, this _____ day of October, 2002, upon consideration of Defendant Hartford Comprehensive Employee Benefits Services Company's Motion to Dismiss Count II of Plaintiff's Complaint (Docket #6), the Plaintiff's Opposition to the Defendant's Motion to Dismiss, and Defendant's Reply Memorandum in Support of its Motion to Dismiss, it is hereby Ordered that said motion is Granted.

I agree with four of my colleagues who recently decided that a state law bad faith claim under 42 Pa. C.S.A. § 8371 is preempted by ERISA. Smith v. Continental Cas. Co., 2002 U.S. Dist. LEXIS 18312 (E.D. Pa. Sept. 16, 2002); Kirkhuff v. Lincoln Tech. Inst., 2002 U.S. Dist. LEXIS 17196 (E.D. Pa. Sept. 6,

2002); Bell v. UnumProvident Corp., 02-CV-2418 (E.D. Pa. Sept. 1, 2002); Sprecher v. Aetna U.S. Healthcare, 2002 WL 1917711 (E.D. Pa. Aug. 19, 2002).  I will not restate the analysis presented so ably by my colleagues.  I hold, along with Judge Waldman, that it "appears doubtful" that § 8371 falls within ERISA's savings clause.  Assuming arguendo that it does, the law is categorically preempted by ERISA.  Smith v. Continental Cas. Co., 2002 U.S. Dist. LEXIS 18312 (E.D. Pa. Sept. 16, 2002).

The Court will not decide the second issue raised by the motion – whether or not the defendant meets the definition of an insurer.

BY THE COURT:

_____
MARY A. MCLAUGHLIN, J.