UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Tracy Ellis<br><br>        Plaintiff<br><br>v.<br><br>Hartford Comprehensive Employee<br>Benefits Service Co.<br>Delaware Management Holdings, Inc.<br>STD Employee Benefit Plan<br><br>        Defendants | Civil Action<br>No. 02-CV-3623 |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Delaware Management Holdings, Inc.'s Group Short Term Disability Plan (the "Plan" or "Defendant"), incorrectly denominated as Delaware Management Holdings, Inc. STD Employee Benefit Plan, by and through its counsel, hereby responds to the Complaint of Tracy Ellis ("Plaintiff") as follows:

### PARTIES

1.  Admitted that Plaintiff is an adult female. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 1 of the Complaint and, therefore, they are denied.

2.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 2 of the Complaint and, therefore, they are denied.

3.  Denied that Defendant Hartford administered the Plan. The remaining averments of Paragraph 3 of the Complaint are conclusions of law to which no response is required.

## JURISDICTION

4. The averments of Paragraph 4 of the Complaint are conclusions of law to which no response is required.

## VENUE

5. The averments of Paragraph 5 of the Complaint are conclusions of law to which no response is required. To the extent Paragraph 5 contains factual averments to which a response is required, it is denied that any breach occurred or that the Plaintiff received Plan benefits in this district as alleged in Paragraph 5 of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 5 of the Complaint and, therefore, they are denied.

## FACTS

6. Admitted that Plaintiff's employment commenced on or about January 4, 1999. The remaining averments of Paragraph 6 of the Complaint are denied.

7. Denied.

8. Denied.

9. Denied that on or about March 2001 Plaintiff filed an application for short term disability under the Plan with Defendants. The Plan is without knowledge or information sufficient to form a belief as to the remaining averments of Paragraph 9 of the Complaint and, therefore, they are denied.

10. Denied.

11. Denied.

12. Denied.

## COUNT I

## PLAINTIFF'S ERISA CLAIM

13. Defendant hereby incorporates its answers and responses to Paragraphs 1 through 12 of the Complaint as if set forth in full.

14. The averments of Paragraph 14 of the Complaint are conclusions of law to which no response is required. To the extent that any response is required, the averments of Paragraph 14 are denied.

15. Denied.

16. Denied.

## COUNT II

## PENNSYLVANIA COMMON LAW - BAD FAITH

17. Defendant hereby incorporates its answers and responses to Paragraphs 1 through 16 of the Complaint as if set forth in full.

18-19. Count II of the Complaint has been dismissed with prejudice and, therefore, no response is required.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to exhaust her administrative remedies.

## THIRD DEFENSE

The Plan acted reasonably and in good faith at all times.

## FOURTH DEFENSE

The Plan's actions were supported by substantial evidence.

**FIFTH DEFENSE**

The Plan did not act arbitrarily or capriciously.

**SIXTH DEFENSE**

The Plan did not abuse its discretion.

**SEVENTH DEFENSE**

The Plan has fully satisfied its obligations, if any, to Plaintiff.

**EIGHTH DEFENSE**

The Plan is entitled to a set off for any amounts Plaintiff has been paid under applicable workers' compensation law.

**NINTH DEFENSE**

Plaintiff's claims are barred under the legal doctrines of collateral estoppel and res judicata.

**TENTH DEFENSE**

Plaintiff's claims are barred by the doctrines of estoppel and/or waiver.

**ELEVENTH DEFENSE**

Plaintiff failed to mitigate her damages.

**WHEREFORE**, Defendant Plan respectfully prays as follows:

    (a)    that judgment be entered against Plaintiff and in favor of Defendant Plan and that the Complaint be dismissed with prejudice;

    (b)    that judgment in this action be entered against Plaintiff and in favor of Defendant Plan for all costs of this action; and

    (c)    that Defendant Plan be awarded reasonable attorney's fees and such other and further relief as this Court may deem just and proper.

- 5 -

        Respectfully submitted,

        _____
        Jonathan D. Wetchler, Esquire (No. 40796)
        Linda B. Hollinshead, Esquire (No. 79898)
        Wolf Block Schorr and Solis-Cohen LLP
        1650 Arch Street, 22nd Floor
        Philadelphia, PA 19103
        (215) 977-2000

        Attorneys for Defendant
        Delaware Management Holdings, Inc.
        STD Employee Benefit Plan

Date:  November 8, 2002

**CERTIFICATE OF SERVICE**

I, Linda B. Hollinshead, hereby certify that on November 8, 2002, I caused a true and correct copy of the foregoing Defendant's Answer to Plaintiff's Complaint to be served via hand delivery to the following:

>Olugbenga O. Abiona, Esquire
>Suite 580, The Bourse Building
>21 South 5th Street
>Philadelphia, PA 19106

                                            Linda B. Hollinshead, Esquire