IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACY ELLIS | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| HARTFORD COMPREHENSIVE | : | |
| EMPLOYEE BENEFITS SERVICE | : | |
| COMPANY, DELAWARE | : | |
| MANAGEMENT HOLDING, INC., | : | |
| STD EMPLOYEE BENEFIT PLAN | : | NO.  02-cv-3623 |

**ANSWER OF HARTFORD COMPREHENSIVE EMPLOYEE BENEFITS
SERVICE COMPANY TO PLAINTIFF'S COMPLAINT**

**PARTIES**

1. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph one of Plaintiff's Complaint and, consequently, denies the same.

2. Denied. Hartford Comprehensive Employee Benefits Services Company ("Hartford-CEBSCO") is a Connecticut corporation with its principal place of business at 200 Hopmeadow Street, Simsbury, Connecticut.

3. The averments of paragraph three pertain to a defendant other than answering defendant and as such, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph three of Plaintiff's Complaint and, consequently, denies the same. As for the allegation that the Plan was "administered by" Defendant, Hartford-CEBSCO, that allegation is denied.

## JURISDICTION

4. The averments of paragraph four of the Complaint are conclusions of law to which no response is required.

## VENUE

5. The averments of paragraph five of the Complaint are conclusions of law to which no response is required. To the extent paragraph five contains factual averments to which a response is required, it is denied that any breach occurred or that the Plaintiff received plan benefits in the district as alleged in paragraph five of the Complaint. Answering Defendant is without information or knowledge sufficient to form a belief as to the truth of falsity of the remaining averments of paragraph five of the Complaint and therefore, they are denied.

## FACTS

6. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph six of Plaintiff's Complaint and, consequently, denies the same.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

## COUNT I - PLAINTIFF'S ERISA CLAIM

13. Defendant incorporates herein by reference its answers to paragraphs 1-12 above as if

fully set forth herein at length.

14. Denied as a conclusion of law.

15. Denied.

16. Denied.

**WHEREFORE**, Answering Defendant prays this Honorable Court enter judgment in its favor and against the Plaintiff.

## COUNT II

17-19.  This count of Plaintiff's Complaint was dismissed with prejudice pursuant to the Order of this court of October 25, 2002 and as such no response is required.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are subject to the provisions of the Employment Retirement Income Security Act (ERISA), 42 U.S.C. §1144 et. seq. which bar or limit Plaintiff's causes of action.

2. Plaintiff failed to exhaust her administrative remedies as required by ERISA 42 U.S.C. §1144 et seq.

3. Plaintiff has failed to prove that she was disabled pursuant to the terms of the plan and therefore has not fulfilled the requirements to qualify for short term disability benefits.

4. Answering Defendant has at all times acted with reasonableness and in good faith.

5. Plaintiff is not entitled to a jury trial as there is no right to a jury trial under the Employment Retirement Income Security Act.

6. The Court lacks subject matter jurisdiction over this matter.

7. Defendant, Hartford Comprehensive Employee Benefits Service Company, at all times acted properly.

8. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

9. If Plaintiff sustained damages, which are specifically denied, then such damages were caused by others and, not caused by Answering Defendant.

10. Some or all of the claims in Plaintiff's Complaint are or may be barred by the applicable Statute of Limitations.

11. All claims raised by Plaintiff in her Complaint are barred by estoppel, waiver and/or laches.

12. Defendant is liable for no damages, including punitive damages.

13. Defendant did not breach any duty owed, if any, to the Plaintiffs.

**WHEREFORE**, Answering Defendant pray this Honorable Court enter judgment in its favor and against the Plaintiffs.

**SWEENEY & SHEEHAN**

By:_____
Barbara A. O'Connell
Identification No. 46461
1515 Market Street, 19th Floor
Philadelphia, PA 19102
(215) 563-9811
Attorney for Hartford Comprehensive
Employee Benefits Service Company